UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL PAUL STODDARD,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES; PEOPLE OF IDAHO; and JOHN STEVEN LANG,<br><br>　　　　　　Respondent. | Case No. 1:20-cv-00057-CWD<br><br>**INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT** |

Petitioner Daniel Paul Stoddard has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). The Court concludes that the Petition appears subject to dismissal and will grant Petitioner 28 days to file an amended petition.

REVIEW OF PETITION

1.　**Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody

violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.     Discussion**

It is unclear whether the Petition actually challenges a criminal conviction or sentence.

Petitioner is in custody pursuant to a Kootenai County conviction of second-degree murder. *See Stoddard v. IMSI Warden*, 1:05-cv-00489-MHW, Dkt. 18 (D. Idaho Feb. 26, 2007); *State v. Stoddard*, Kootenai County Case No. CR-2001-6349 (judgment entered Aug. 30, 2002), *available at* https://icourt.idaho.gov/ (Idaho iCourt Database). However, Petitioner does not allege that he is challenging that conviction. Instead, in the section of the Petition asking him to identify all crimes of which he was convicted in the criminal case he is challenging, Petitioner states, "None." Dkt. 3 at 2.

Further, although Petitioner states that he is challenging a judgment "in Ada County for Religion of Islam in 9th Circuit territory of the US of A," it does not appear he is in custody pursuant to a judgment of that court. Nor does it appear Petitioner is challenging ongoing criminal charges for purposes of a habeas petition under 28 U.S.C. § 2241.

Regardless of whether Petitioner is attempting to challenge his criminal conviction, the Petition appears subject to dismissal for one of the following alternative reasons.

### A. *If Petitioner Is Not Challenging His Criminal Conviction, His Claims Appear to be Noncognizable*

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 498-99). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Badea*, 931 F.2d at 574. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

Though it is not entirely clear, the Petition appears to assert claims challenging the conditions of Petitioner's confinement, rather than the fact or duration of that confinement. Specifically, Petitioner seems to raise religious exercise claims with respect to non-defendant Corporal Keefe's unknown action on October 27, 2019. *See* Dkt. 3 at

2.[1] The remedy for the violations asserted in such claims would not be an immediate or speedier release from confinement, *see Preiser*, 411 U.S. at 500, but instead an award of monetary damages or an order requiring the cessation of unconstitutional activities. Therefore, Petitioner's claims do not lie at the core of habeas corpus and, in turn, are not cognizable—meaning they cannot be brought in this federal habeas corpus proceeding.[2] *See Nettles*, 830 F.3d at 931.

### B.  If Petitioner Is Challenging His Criminal Conviction, the Court Lacks Jurisdiction

Before an Idaho state prisoner can file a second or successive federal habeas corpus petition challenging the same conviction or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court may not consider a second or successive habeas petition. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

This Court previously adjudicated a petition for writ of habeas corpus challenging Petitioner's second-degree murder conviction. *See Stoddard v. IMSI Warden*, 1:05-cv-00489-MHW (D. Idaho). Therefore, absent authorization from the Ninth Circuit, this Court lacks jurisdiction over the current Petition if that Petition challenges the same conviction. Although Petitioner has attached to the Petition a request for authorization to

---

[1] Because some of Petitioner's handwriting is difficult to decipher, the Court is not certain of Corporal Keefe's alleged action.

[2] If Petitioner intends to pursue civil rights claims, he may file a separate § 1983 complaint. Form complaints are available in the prison resource center.

file a second or successive petition, *see* Dkt. 3-1, Petitioner must file any such request in the Ninth Circuit Court of Appeals, not in this Court.[3]

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested in forma pauperis status. Good cause appearing, Petitioner's Application will be granted, which allows Petitioner to pay the filing fee when and as he can afford to do so, rather than at the time of filing.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when he next receives funds in his prison trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice. Petitioner may renew the request in an amended petition.

3. Within 28 days after entry of this Order, Petitioner may file an amended petition as described above. Petitioner should clarify whether he is challenging a criminal conviction or ongoing charges, or whether he is challenging the conditions of his confinement. Any amended petition must also address the above analysis and explain any reason why Petitioner

---

[3] Moreover, if Petitioner is challenging a criminal conviction or sentence, he has not named a proper respondent. The appropriate respondent in a § 2254 habeas action is the warden of the facility in which the petitioner is confined. *See* Habeas Rule 2(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT - 5

believes his habeas petition is not subject to summary dismissal.

4. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73, this case is REASSIGNED to a United States District Judge.

DATED: April 21, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge